Parker, C. J.,
delivered the opinion of the Court.
The deed, produced by the plaintiff in support of his title, is ob jected to on the ground of it! being fraudulent against creditors ; oi *329 because it should be considered, from the circumstances of the case, as creating a trust estate in the plaintiff, of which Abner Jenney, his father, was the cestui que trust; and so that it was liable to be levied upon in satisfaction of a debt due from Abner.
But, according to our statute against frauds and perjuries,(1) it cannot have vested an interest by way of trust in the father ; for there is no declaration of such trust in writing ; neither is it a resulting trust by implication of law. For there is nothing in the deed which surmises a trust or an interest in any person other than the grantee.
It has lately been determined, in. the case of The Northampton Bank vs. Whiting,(2) that a trust by implication cannot be proved by paroi ; the policy, as well as the express provisions of our law, being, that no title to real estate shall exist except by deed or record.†
The land conveyed by this deed passed, upon its delivery, from the grantor to Luther Jenney, the plaintiff. Abner's name is not mentioned in it ; and, if the extent should be maintained, the executors of his creditor would derive a title from one who had none himself.
* Persons may sometimes put their funds out of their [* 378] hands by means of procuring a conveyance to third persons, confiding in their permission to take profits, or in their willingness to convey to them or to their use. But this is so hazardous that it will seldom occur. Those, who are willing to be depositories for an unlawful purpose, will pi obably be willing to claim as their own what they received only in trust. Besides which, there might be just apprehensions of a prosecution for a conspiracy, if a man should thus consent to aid another in defrauding his creditors. At any rate, if there is any mischief, it is for the legislature now to apply a remedy.
The suggestion of fraud, in the conveyance taken by the father to the son, cannot be attended to by us ; as it was a proper matter for the consideration of the jury. If, however, any strong indications of fraud appeared in the case, we might send the cause back to be tried upon that point. But it appears, that, at the time the purchase was made, the father was free from debt, so that no motive existed to conceal his estate. It appears, also, that there was an equitable consideration subsisting between the father and son ; the former having received the earnings of the latter, an agreement having been entered into by the father, that the son should enjoy the fruits of his own labor, although not of an age to be emancipated. This agreement was a lawful one, and the money received by the father from the earnings *330 of the son may be equitably considered as the money of the son which, if he could not obtain it by coercion, was yet a good and valuable consideration for any promise from the father, and would fully justify the consideration iij this deed as paid by the son.
Upon the whole, we see no ground to impute fraud in the transaction, unless it be the occupation of the land by the father after the purchase, without any evidence of his having accounted for the rents and profits. But the connexion between the two, which [*379] seems to have been perfectly * confidential, the minority of the son, and bis absence at sea, may well account for this, without a necessary inference of fraud.†

Judgment according to the verdict.

 Stat. 1783, c. 37, § 3.

 Ante, page 107.

 Sed vide note to that case, ante, p. 107.

 Smith vs. Lane et al., 3 Pick. 205. — Russel vs. Lewis, 2 Pick. 508. — Kempton vs. Cooke el al., 4 Pick. 305.