MONROE COUNTY.—HON. J. A. ADLINGTON, SURROGATE.—April, 1888.

## McCREEDY v. GARBUTT.

*In the matter of the estate of* ROBERT GRATTON *deceased.*

Declarations of kinship, sought to be introduced in evidence, as a basis of a demand for the grant of letters of administration of a decedent's estate, to the alleged relative, must come within the rules, which require the declarant to have been a relative, since deceased, who knew or professed to know the facts stated from connection or acquaintance with the family, and whose relationship appears from evidence *aliunde.*

Though evidence of reputation is competent, the testimony, in this regard, of witnesses not acquainted with the facts, and whose information is not derived from those connected or acquainted with the family, is hearsay and incompetent.

APPLICATION for revocation of letters of administration of decedent's estate. The facts appear in the opinion.

JOHN M. DUNNING, *for petitioner.*

SELDEN S. BROWN, *for administrator.*

THE SURROGATE.—Robert Gratton died on or about March 25th, 1888, in Wheatland, in this county, where he had lived for many years. He left no wife or descendants. On March 27th, 1888, letters of administration were duly issued out of this court to Philip Garbutt, a creditor, on a petition showing the necessary jurisdictional facts, and alleging, among other things, that said Gratton's only next of kin were sisters and a brother living in Ireland.

A few days later, Margaret McCreedy filed a petition alleging that she and her brother, Thomas Smart, were second cousins of said Gratton, and his only next of kin in the United States. She asked for the issue of letters of administration to herself, and the revocation of those previously issued to Mr. Garbutt. Citation was issued against the latter only. A renunciation by Thomas Smart was filed, and an answer by Mr. Garbutt putting in issue the relationship of Mrs. McCreedy to Gratton. Considerable testimony was given, on behalf of the petitioner, for the apparent purpose of establishing a distant kinship between Mrs. McCreedy and the deceased Gratton. The witnesses had no personal knowledge of the matter in controversy, and their testimony is only competent and material so far as it conforms to the rules of evidence which admit hearsay to establish relationship. These rules are clearly stated by numerous authorities.

To render evidence of this character competent, it must appear that the declarant or source of the witness' information was a deceased member of the family, that is to say *legally* related by blood or

marriage to the family whose history the fact concerns. Therefore, the witness must name the source of information, and show affirmatively, that it was a relative, or connection, who is since deceased. And the declarant's relationship . . . . . must be established by other evidence than the declarations themselves (1 Taylor on Ev., ch. 9, §§ 635, 640, 641; Abb. Trial Ev., 91, 92).

Kinship may also be proved by general reputation in the family, upon the testimony of a witness whose knowledge of that repute, and of the conduct of members towards each other is that which usually exists among intimate acquaintances.

But the testimony of witnesses who are not connected with the family, know nothing personally of the facts . . . . . and have not derived their information from such persons as had any connection, or particular acquaintance with the family, but can only state loose hearsay from unknown sources, is not sufficient (Abb. Trial Ev., 94). Unless it appears that the declarant is dead, and that he knew or professed to know, the facts he stated from some connection or acquaintance of the family, the declarations are entitled to no weight (Jackson v. Browner, 18 *Johns.*, 39; 1 Greenleaf on Ev., § 103).

Within the principles above referred to, the evidence in this case wholly fails to establish any relationship between the petitioner and the decedent. It is true, the witnesses say there was some relationship. But the bald assertion of relationship does not prove its existence. It must be proved to exist by legitimate evidence (Armstrong v. McDonald, 10 *Barb.*,

300). The petitioner's own testimony is confused, contradictory and unsatisfactory. She gives a number of different statements of the degree of kinship which she claims to exist. It is plainly evident that, during Gratton's life she never asserted any blood relationship, and that he never admitted any. After his death, she told Mr. Bennett that Gratton had no relatives in this country. Her brother, Thomas Smart, appears to be an old, and feeble-minded man, and his testimony is of little weight.

I think, therefore, that this application must be denied.