EDWARD H. UTTER, Respondent, *v.* JAMES D. NELLIGAN, Appellant.

*County Court — new trial therein on appeal from a Justice's Court — defense of payment to a counterclaim, not pleaded and payment made after the trial before the justice.*

Where an appeal is taken to the County Court from the judgment of a justice of the peace the case should be tried upon the issues formed by the pleadings in the Justice's Court, and the parties should be allowed to make the same proof in the County Court as they would have been allowed to introduce had the trial proceeded in a Justice's Court.

Upon a new trial in the County Court the plaintiff should be allowed to prove the defense of payment to a counterclaim, notwithstanding the fact that the payment was made after the decision of the case by the justice.

Where the proof offered would have been admissible in a Justice's Court under the pleadings as they stood, the proof is admissible upon a new trial in the County Court, and a party cannot be required to amend his pleading in that court so as to make the proof admissible.

APPEAL by the defendant, James D. Nelligan, from a judgment of the County Court of the county of Tompkins, entered in the office of the clerk of the county of Tompkins on the 16th day of August, 1895, upon the verdict of a jury rendered by direction of the court upon an appeal by the defendant from a judgment rendered by a justice of the peace, and also from an order entered in said clerk's office on the 16th day of August, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Halliday & Denton*, for the appellant.

*Newman & Blood*, for the respondent.

PER CURIAM :

This is an appeal from a judgment of the Tompkins County Court in favor of the plaintiff, and from an order denying a motion for a new trial made upon the minutes of the trial judge.

The action was originally commenced in a Justice's Court to recover rent for the use of a house and lot owned by the plaintiff. The trial in the Justice's Court resulted in a judgment for the plaintiff for nineteen dollars and fifty cents, and costs. The defendant appealed to the County Court for a new trial, which resulted in the

direction of a verdict for the plaintiff for the same amount, with costs.

The defendant rented the plaintiff's house of Joseph Utter and A. J. Glanister, who were the plaintiff's agents, for seven and one-half months, at three dollars per month. He never paid the plaintiff or his agents any portion of the rent, but claimed to have made repairs upon the premises of the value of $112 under an alleged agreement with the plaintiff's agents to pay him therefor. The agents denied that there was any such agreement, except for the allowance of one month's rent for some slight repairs that he was permitted to make.

On September 4, 1894, the defendant brought suit against the plaintiff's agents to recover for such repairs. The agents set up a general denial, payment and offset for one month's rent, and upon the trial in Justice's Court, on September 24, 1894, a verdict was rendered for the defendants therein.

On the twenty-sixth of the same month this action was brought in Justice's Court to recover for six and one-half months' rent. The defendant set up a general denial, payment and a counterclaim for the same repairs as those upon which he had brought action against the plaintiff's agents. Judgment was rendered for the plaintiff.

In October, 1894, the defendant appealed both of said actions to the Tompkins County Court. The action against the plaintiff's agents was first tried in that court, and resulted in a verdict of thirty dollars for the plaintiff therein, which sum, with costs, was paid by the plaintiff in this action on March 9, 1895. In the following May this action came on for trial before the County Court.

On the trial the plaintiff proved his claim and rested. The defendant then proposed to prove his counterclaim, when it was conceded that it was the same claim as that upon which the defendant recovered against the plaintiff's agents, and which was paid by the plaintiff. The defendant, however, objected to the plaintiff's proving such payment upon the ground that there had been no supplemental pleading which gave notice of that defense to the counterclaim. This objection was overruled, and the defendant excepted. The plaintiff then proved that the action against his agents had been tried, and resulted in a verdict for the plaintiff in that action, who was the defendant in this, and that it was paid by the plaintiff in this

action to the defendant's attorney. After this proof was admitted, the defendant offered proof of his counterclaim, which was objected to by the plaintiff and excluded by the court. The court thereupon directed a verdict for the plaintiff for nineteen dollars and fifty cents.

It seems that upon a new trial in the County Court on an appeal from a justice's judgment, the case should be tried upon the issues formed by the pleadings in the Justice's Court. (*Becker* v. *Burnum*, 19 Wkly. Dig. 94; *Longrill* v. *Downey*, 7 N. Y. Supp. 503; *Thompson* v. *Pine*, 5 Hun, 647; *Hayes* v. *Kedzie*, 11 id. 577; *Reno* v. *Millspaugh*, 14 id. 229.) Moreover, it was but just that the parties upon a retrial should be allowed to introduce the same proof in the County Court under the pleadings, as they would have been allowed to introduce upon the trial in a Justice's Court.

If the last trial had been in a Justice's Court, no reply being necessary, the plaintiff would have been entitled to prove that the defendant's counterclaim had been paid. We think the same rule should apply upon a retrial of an action in the County Court commenced in a Justice's Court. In other words, we think that the same proof under the pleadings should be admissible in the County Court as would have been admissible in a Justice's Court, and that under the Code of Civil Procedure a party is not required to amend his pleadings in the County Court where the proof offered would have been admissible in a Justice's Court under the pleadings as they stood.

Hence, our conclusion is that under the pleadings the plaintiff was entitled to prove that the counterclaim set up by the defendant had been paid; that under the circumstances of this case it was not reversible error to reject the defendant's evidence as to such counterclaim, and that the court properly directed a verdict for the plaintiff.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order affirmed, with costs.