GILES INGRAM v. SOUTHERN RAILWAY COMPANY.

(Filed 20 April, 1910.)

**Parent and Child—Employer and Employee—Damages—Loss of Services—Emancipation of Son.**

> A father cannot recover in his action for the loss of services of his minor son, caused by the negligence of his employer, when it appears that he approved and confirmed the contract of employment whereby the son was to receive the wages earned by him, such being an act of emancipation by the father of his son in respect to the employment. In this case the son had recovered damages for the injury complained of.

APPEAL from *Long, J.,* at October Term, 1909, of IREDELL.

The action was brought to recover for loss of services of plaintiff's son for about two years preceding his majority. The son was injured by the negligence of defendant's employees and had recovered damages for the injury.

These issues were submitted:

1. Was Grady Ingram injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Was said Grady Ingram guilty of contributory negligence, as alleged in the complaint? Answer: No.

3. What damage, if any, is plaintiff entitled to recover? Answer: No damage.

From the judgment rendered plaintiff appealed.

*George. W. Garland, Armfield & Turner* for plaintiff.
*L. C. Caldwell* for defendant.

PER CURIAM. We find no error in the rulings of the court below. There is ample evidence tending to prove an emancipation by the parent of the son. It is well settled that if a contract of employment is made by a minor and approved and confirmed by his father, and under such contract the son is to receive the wages earned by him, the father, by approving and confirming the agreement, in effect emancipates his son, as to wages earned by him under the contract, which becomes the property of the son, and not the property of the father. *Party v. American Ship Windlass Co.,* 19 R. I., 461.

If a minor son contracts on his own account for his services with the knowledge of his father, who makes no objection thereto, there is an implied emancipation and an assent that the son shall be entitled to the earnings in his own right. *Burdsall v. Waggoner,* 4 Col., 261; *Armstrong v. McDonald,* 10 Barb., 300; *Jenny v. Alden,* 12 Mass., 375; *Campbell v. Campbell,* 11 N. J. Equity, 268; *Taylor v. Welch,* 36 N. Y. Supp., 592.

No error.