E. P. LOWRIE v. ALVA OXENDINE, Guardian, et al.

(Filed 19 October, 1910.)

1. Domestic Relations—Parent and Child—Payment for Services— Promise—Evidence Sufficient.

In an action brought by the plaintiff to recover for the value of his services rendered his step-grandfather, while living with him, in managing his business and taking care of him during his illness, there was evidence tending to show that the grandfather had repeatedly stated in the presence of others his intention of paying plaintiff, and that the plaintiff expected to receive com-

pensation for them. *Held,* Not error to submit the question of compensation to the jury under a charge that the law presumed the services were rendered gratuitously, and the burden was upon plaintiff to satisfy the jury by the greater weight of the evidence that the step-grandfather promised to pay plaintiff therefor, or that the parties intended that the plaintiff should be paid for his services.

2. **Domestic Relations—Parent and Child—Emancipation Implied—Child's Compensation.**

Evidence that the father permitted his minor son to work for himself and receive the earnings of his own labor is sufficient to go to the jury upon the question of whether the father had impliedly emancipated his own son, and assented to the son's receiving his earnings in his own right.

·APPEAL from *W. R. Allen, J.,* at the April Term, 1910, of ROBESON.

This action was brought to recover the value of services alleged to have been rendered by the plaintiff to the intestate of the defendant. The intestate was the step-grandfather of the plaintiff. With respect to the relationship of the parties, the court charged the jury that ordinarily when one renders services for another, in the absence of an express promise to pay for them, the law implies a promise to pay the reasonable value of such services, but this is not the rule as between a child and its parent, or one standing in the relation of a parent. In that case, the presumption is that the services were rendered gratuitously, that is, without any intention to charge for the same, and in order to recover for services thus rendered, the plaintiff must show a promise to pay for them, and consequently, in this case, the burden is upon the plaintiff to satisfy the jury by the greater weight of evidence that H. T. Oxendine, the step-grandfather of the plaintiff, promised to pay him for the services rendered. If the plaintiff had so satisfied the jury, he is entitled to recover what they find from the evidence to be the reasonable value of the services, but if the jury find that there was no promise, the plaintiff would not be entitled to recover anything. There were other instructions given to the jury, but it is not necessary that they should be set forth. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*McIntyre, Lawrence & Proctor* for plaintiff.
*Robt. E. Lee* and *McNeill & McNeill* for defendant.

WALKER, J., after stating the case. There are many exceptions appearing in the record, but it is necessary to consider only one or two questions in order to dispose of the real matters in controversy. The court stated to the jury in its charge the correct rule applicable to cases of this kind, and there was evidence to support the instruction. The plaintiff lived with his grandfather for several years, and during that time he managed his business and took care of him during his illness. There was evidence tending to show that his grandfather repeatedly stated in the presence of others that he intended to pay him for his services, and that the plaintiff expected to receive compensation for them. It was for the jury to decide, upon the evidence, whether it was mutually understood by and agreed between the parties that the plaintiff should be remunerated for his services.

The presumption arising from the relation of the parties that services were performed by one of them for the other gratuitously, is not conclusive, but may be rebutted by evidence which tends to show that at the time the labor was performed or the services rendered, the parties contemplated and intended that compensation should be made for the same, and sufficient, therefore, to show an implied agreement to that effect. An express agreement may, of course, be shown. *Dodson v. McAdams,* 96 N. C., 156; *Young v. Herman,* 97 N. C., 283; *Stallings v. Ellis,* 136 N. C., 69; *Dunn v. Currie,* 141 N. C., 123; *Freeman v. Brown,* 151 N. C., 113. In this case there was proof of an express contract to pay. The other objections relating to the question now under consideration are untenable.

We think there was evidence that the plaintiff had been emancipated by his father and permitted to work for himself and to receive the earnings of his labor. In *Ingram v. R. R.,* 152 N. C., 762, we held that "if a minor son contracts on his own account for his services with the knowledge of his father, who makes no objection thereto, there is an implied emancipation and an assent that the son shall be entitled to the earnings in his own right," citing *Burdsall v. Wagoner,* 4 Col., 261; *Armstrong v.*

*McDonald,* 10 Barb., 300; *Jenny v. Alden,* 12 Mass., 375; *Campbell v. Campbell,* 11 N. J. Eq., 268; *Taylor v. Webb,* 36 N. Y., Supp., 592.

The general features of this case are like those of *Freeman v. Brown, supra,* and sufficiently so to bring it within the application of the principles therein stated.

There is no error to be found in the rulings of the court, and the judgment should be affirmed.

No error.