LOUIS TWIFORD v. MARVIN A. WATERFIELD, EXECUTOR OF THE ESTATE OF MRS. MARTHA PARKER.

(Filed 22 September, 1954.)

**1. Executors and Administrators § 15d—**

The rule that where a person renders services to another which are knowingly and voluntarily accepted, the law presumes that such services are given and received in anticipation of payment, is subject to the qualification that the circumstances must be such as to warrant the inference that at the time the services were rendered payment was intended on the one hand and expected on the other.

**2. Same—**

Services performed by one member of a family for another within the unity of the family rule are presumed to have been rendered in obedience to a moral obligation and without expectation of compensation.

**3. Same—**

Plaintiff's evidence tended to show that he rendered personal services to his foster mother during her last illness, and that his foster mother stated that he had looked after her and that she wanted to look after him when she died. *Held:* The failure of the court to apply the law to the evidence favorable to defendant by charging that no recovery could be had if the services were rendered by plaintiff in discharge of a moral obligation in return for services the foster mother and her husband had rendered plaintiff during his childhood and youth, is error.

**4. Same—**

The court's instruction that where services are rendered for one person by another, which are knowingly and voluntarily accepted, without more, the law presumes that the services are given and received in expectation of payment, must *be held* for error upon exceptions duly taken in failing to qualify the rule with the limitation that at the time the services were rendered payment must have been intended on the one hand and expected on the other hand.

APPEAL by defendant from *Carr, J.,* March Term 1954, CURRITUCK. New trial.

Civil action to recover compensation for services rendered defendant's testatrix.

Defendant's testatrix and her husband had no children. They took plaintiff into their home when he was six or seven years of age and reared him as a foster son. He lived in the home until he was about twenty-seven years of age. He then married and moved on his farm, which is across the road from the homeplace of defendant's testatrix, where he lived until a few years ago when he moved to a house about one-half mile away.

Defendant's testatrix died 29 March 1951. During the last several years of her life she was in ill health and had to take insulin. Plaintiff offered evidence tending to show that during the years of her illness until about six months before her death he gave her the insulin shots, stayed in her home at night more than half the time, and never let her stay at home alone overnight. If no one was with her he would spend the night in her home. He provided her with food, prepared her breakfasts, cut and carried in fire wood, built her fires, and generally did those things which were necessary to make her comfortable during the day while he was away, and made himself the man of the household, performing all the chores that a man in that position would perform.

There was also evidence that the deceased made statements to the effect that plaintiff looked out for her and stayed with her when she was by herself, and "when she died she wanted to look out for him then."

The defendant offered evidence tending to show that the deceased lived with other people and out of the State during most of the last three years of her life and would return to her home only occasionally and for very short periods of time, and that she was cared for by others than plaintiff.

The court limited any recovery to services rendered during the three years next preceding the institution of this action, not counting the nine days which elapsed between the death of the testatrix and the qualification of her executor.

Issues were submitted to and answered by the jury as follows:

"1. Is the defendant indebted to the plaintiff? Answer: Yes.

"2. If so, in what amount? Answer: $2500.00."

The court entered judgment on the verdict and defendant excepted and appealed.

*Frank B. Aycock, Jr., and Worth & Horner for plaintiff appellee.*

*John H. Hall for defendant appellant.*

BARNHILL, C. J.   The ruling of the court below fixing the beginning date of the three-year statute of limitations, which statute was duly pleaded, was favorable to the defendant, and plaintiff did not except or appeal.   Hence we need not discuss that feature of the case.

The court charged the jury in part as follows: (1) "The Court instructs you that where services are rendered by one person for another, which are knowingly and voluntarily accepted, *without more* the law presumes that such services are given and received in expectation of being paid for and will imply a promise to pay what they are reasonably worth (italics supplied); and (2) "If the plaintiff has satisfied you from this evidence and by its greater weight that he did render any services to Mrs. Parker between the 14th day of June, 1949, and the time of her death, which were knowingly and voluntarily accepted by her, and that they were of some value, and that he is entitled to some compensation for said services, it would be your duty to answer that first issue YES . . ."

The defendant excepted to the foregoing excerpts from the charge and assigns same as error.   He also excepts "in that the Court failed to allude to facts and circumstances whereby any presumption to pay may be rebutted and no legal obligation to pay arises, as where the services were rendered as a pure gratuity, or simply in discharge of a moral obligation; and the Court failed to declare and explain the law arising on the evidence whereby the relation of the parties might be found by the jury to be such as to rebut any presumption to pay or implied promise to pay on the part of defendant's testatrix."

The excerpts from the charge of the court above quoted find sanction in the decisions of this Court.   *Hauser v. Sain,* 74 N.C. 552; *Winkler v. Killian,* 141 N.C. 575; *Ray v. Robinson,* 216 N.C. 430, 5 S.E. 2d 127; *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764.   In fact, the excerpt numbered (1) is almost in the exact language used in the *Wyrick case.*

Unless proper emphasis is given the italicized words "without more," the rule is too broad and comprehensive.   Indeed, seldom, if ever, does a case arise in which nothing more than the rendition of some service of value which is knowingly and voluntarily received is made to appear.

While, as heretofore stated, this Court has quoted the rule with approval, we have no case, so far as we have ascertained, in which the decision was made to rest squarely on the rule, without limitation.   Instead, in every opinion in which reference is made to the rule, the Court has proceeded to discuss the limitations pertinent to the facts involved in the particular case under consideration.   So then, when we examine all of our decisions in cases where the plaintiff was seeking to recover for services rendered under an implied promise by the recipient to pay there-

for, we find that there are material and substantial qualifications of the rule which have never been incorporated in the rule itself.

The circumstances must be such as to warrant the inference that the services were rendered and received with the mutual understanding that they were to be paid for. "The *quantum meruit* must rest upon an implied contract." *Lindley v. Frazier,* 231 N.C. 44, 55 S.E. 2d 815. It must be made to appear that at the time the services were rendered, payment was intended on the one hand and expected on the other. *Brown v. Williams,* 196 N.C. 247, 145 S.E. 233; *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907. The plaintiff must show by the greater weight of the evidence that both parties, at the time the labor was done or the services were rendered, contemplated and intended that pecuniary recompense should be made for the same. *Young v. Herman,* 97 N.C. 280; *Staley v. Lowe,* 197 N.C. 243, 148 S.E. 240; *Lindley v. Frazier, supra; Lowrie v. Oxendine,* 153 N.C. 267, 69 S.E. 131.

Services performed by one member of a family for another within the unity of the family rule are presumed to have been rendered in obedience to a moral obligation and without expectation of compensation. *Francis v. Francis, supra.*

Where a party has voluntarily done an act or rendered a service, and there was no intention at the time that he should charge therefor or understanding that the other should pay, he will not be permitted to recover, for that which was intended originally as a gratuity cannot subsequently be turned into a charge. The law cannot imply a promise contrary to the intention of the parties. *Wood v. Lewis,* 167 S.W. 666.

While proof that services of value were rendered and voluntarily received raises a presumption or will support the inference that compensation was contemplated by the parties, the presumption is rebuttable, and it is always a question for the jury to find whether there was or was not a promise, express or implied, to pay therefor, and it should judge from the facts and circumstances under which the services were rendered that it was in the contemplation of the parties that the services were to be gratuitous or compensated, and the relation of the parties is one of the circumstances to be considered. *Williams v. Barnes,* 14 N.C. 348. If the services were rendered as a pure gratuity or in discharge of a moral obligation, no promise to pay is implied and no presumption of such promise arises. *Young v. Herman, supra.*

It follows that the court erred in applying the pertinent rule in its most general terms without limitation and then failing to apply the law to the evidence favorable to the defendant. It should have instructed the jury that if, upon a consideration of all the testimony, it should find that plaintiff performed the services which are the gravamen of his action without expectation of compensation or in return for the services the

deceased and her husband had rendered him during his childhood, youth, and young manhood, or, if, upon a consideration of all the evidence, it should find that plaintiff had failed to prove by the greater weight of the evidence that the services in question were rendered and received with the mutual understanding that they were to be paid for or that they were performed by plaintiff with the expectation of compensation and were knowingly accepted by the deceased under circumstances calculated to put a reasonable person on notice that the services were not gratuitous, it should answer the first issue in the negative. *Lindley v. Frazier, supra; Lowrie v. Oxendine, supra;* Anno. 54 A.L.R. 548.

While there is ample evidence in the record to sustain a verdict for the plaintiff, the failure of the court in its charge to apply the law to the evidence favorable to the defendant entitles the defendant to a

·New trial.