ADDISON J. TRUNKEY *et al.*

*v.*

ERIC L. HEDSTROM *et al.*

*Filed at Ottawa January 21, 1890.*

1. WITNESS—*competency*—*a party*—*as to transaction with agent of adverse party—the agent having died.* A party seeking to recover on a contract made by him with an agent of the adverse party, after the death of such agent, is not a competent witness to prove such contract, or the conversation or transaction between himself and the agent, even though the adverse party may have it in his power to read a deposition of the agent in evidence, but does not do so.

2. In an action on a contract for the purchase and sale of coal, one of the plaintiffs, claiming to have contracted with the defendant's agent, testified as to the terms of the contract, and so did such agent. After the trial, it was stipulated that on any subsequent trial the testimony of the agent, as taken down by a stenographer, might be read, the same as a deposition. There was a second trial, the agent having in the meantime died. The court refused to allow the plaintiff to testify as to the alleged contract, or to read his former testimony in evidence: *Held,* no error in the ruling.

3. SALE—*price—to be implied.* The rule that in a contract of bargain and sale of personal property, if nothing is said by the parties as to the price, the law will imply an understanding that it is to be paid for at what it is reasonably worth, can not be applied in an action by the purchaser for damages for a failure to deliver, for the reason there can be no damages. Such rule may be applied in a case where the vendor sues the vendee for refusing to take and pay for the goods.

4. SAME—*vendee refusing to perform—remedy of seller.* If the vendee of goods refuses to take and pay for the same, the vendor may store them for the vendee, giving notice of that fact, and then recover the full contract price; or he may keep the goods, and recover the excess of the contract price above the market price; or he may give notice to the vendee, sell the goods, and recover the loss, if they fail to bring the amount of the contract price.

5. MEASURE OF DAMAGES—*in suit by vendee for a refusal to deliver goods.* In an action by the purchaser of personal property, against the vendor, for a refusal to deliver, the measure of damages is the difference between the contract price and the market value of the property at the time and place where it should have been delivered.

6. PLEADING AND EVIDENCE—*recovery upon cause of action as alleged.* A plaintiff can not allege one cause of action and recover on proof of another. So where the plaintiff, in an action for a breach of a contract for the sale and delivery of coal, alleges in his declaration, an agreement as to the price of the coal, either of a definite sum, reasonable price, or the market price, proof of a sale without any mention as to price will not authorize a recovery.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. PERRY A. HULL, for the appellants:

Trunkey having, under the statute, been rendered incompetent as a witness by the death of Pratt, his testimony, given in the case at a time when he was a competent witnesss, should have been admitted in evidence. 1 Greenleaf on Evidence, sec. 168; *Jones* v. *Jones,* 1 Cox, 184; *Lutterell* v. *Reynell,* 1 Mod. 284; *Andrews* v. *Palmer,* 1 Ves. & B. 22; *Wafer* v. *Hemken,* 9 Rob. 204; *Magill* v. *Kauffman,* 4 S. & R. 318.

Appellants proved a valid contract of sale, and were entitled to recover, and the court erred in instructing the jury to find for the appellees.

The law is, that in a contract of bargain and sale of personal property, where the parties are silent as to price, or where no price is agreed upon, the market price of the property at the time of making such contract governs. 1 Benjamin on Sales, sec. 99, p. *83; Sutherland on Damages, 347-349, 365; *Hoadley* v. *McLaine,* 10 Bing. 233; *Konitzky* v. *Meyer,* 49 N. Y. 574; *Van Arman* v. *Byington,* 38 Ill. 447; *Henckley* v. *Hendrickson,* 5 McLean, 170; *Burr* v. *Williams,* 23 Ark. 253; *Lincoln* v. *Johnson,* 43 Vt. 77.

Mr. FREDERIC ULLMAN, for the appellees:

Trunkey, being a party, was not a competent witness. *Chip* v. *Chip,* 17 S. & R. 409; *Simpson* v. *Reed,* 4 Yeates, 511.

The distinction between the competency of witnesses in law and in chancery is fully recognized in this State. *Kimball* v. *Cook*, 1 Gilm. 433; *Smalley* v. *Ellet*, 36 Ill. 500; *Smith* v. *Newton*, 38 id. 230.

Trunkey's evidence having been excluded, there was no evidence before the jury of the contract price. Proof of the market price was no proof of a contract price. The rule that when no price is named the market price governs, applies only to executed contracts. *Hoadley* v. *McLaine*, 10 Bing. 485.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellants sued appellees in assumpsit, in the Superior Court of Cook county, to recover damages alleged to have been sustained by them on account of a failure to deliver 7500 tons of anthracite coal, in pursuance of the terms of a contract alleged to have been made between the parties in the month of October, 1880.

The original declaration consisted of five counts, each of which avers that the price to be paid for such coal was fixed by the terms of said agreement. After the case had been twice tried on this declaration,—a jury failing to agree on the first, and a new trial being awarded on the second,—plaintiffs filed three additional counts. In the first of these it is averred that plaintiffs bargained with defendants to buy, and defendants sold to plaintiffs, 7500 tons, etc., "*at and for a reasonable price,*" the coal to be delivered, etc. The second alleges a like sale "*at and for the market price for such coal,*" delivered on the docks, etc. The third avers a like sale "*at the fair and reasonable value of the same, at that time, upon the market in Chicago.*"

Appellants claim that the contract was made by Addison J. Trunkey, one of their firm, with one Horatio L. Pratt, as agent for appellees. On the first trial both Trunkey and Pratt testified, and their evidence was reported by a stenographer. Before the next trial it was stipulated that on any future trial

the testimony of Pratt so reported might be read by the defendants, if they saw fit, as though regularly taken as a deposition in the cause. Before the trial upon which the judgment appealed from was had, Pratt died. The court below held Trunkey thereby disqualified as a witness, under section 4 of chapter 51 of the Revised Statutes, which provides: "And in every action, suit or proceeding, a party to the same who has contracted with an agent of the adverse party, the agent having since died, shall not be a competent witness as to any conversation or transaction between himself and such agent." Plaintiffs thereupon offered his testimony as reported upon the first trial, and insisted upon its competency, on the theory that, being competent at the time he testified, his subsequent disqualification did not preclude plaintiffs from using it on the subsequent trial. In support of the position, 1 Greenleaf on Evidence, sec. 168, is cited.

That Trunkey would have been an incompetent witness at common law, must be conceded. That incompetency is removed by our statute, with certain exceptions, among which is the one above quoted. While the policy of this statute is to allow all persons to testify in civil suits, regardless of their interest in the event thereof, there is a studied purpose manifested in its various sections, to put the parties upon an equality as to the evidence of such interested witnesses. (*Langley* v. *Dodsworth, Exrx.* 81 Ill. 86.) Whether Trunkey was allowed to testify on this trial, or his former evidence was read to the jury, could make no difference. In either case the equality between the parties would be destroyed, Pratt being dead. The rule cited from Greenleaf has no application to the question here presented. The fact that in this particular case the testimony of the deceased agent was available to the defendants, can not change the rule prescribed by the statute. It was necessary for plaintiffs to make out their case, in the first instance, by competent proof. Until they had done so, the

defendants were not called upon to introduce any evidence. Plaintiffs could not avail themselves of proof made incompetent by the statute, simply because defendants had in their possession testimony which would tend to overcome such incompetent evidence. Defendants were not called upon to thus aid plaintiffs in making their case. The offered testimony was incompetent, and properly excluded.

Plaintiffs introduced one Walter S. Boyle as a witness on their behalf. He had formerly been their agent, and testified to a conversation with the deceased, Pratt, about the middle of October, 1880, which it is said proves the contract sued on. We do not think so. There is nothing in the statements or admissions of Pratt, as sworn to by this witness, which amounts to proof of a contract such as is declared upon by plaintiffs. He says, "What Pratt said was *equivalent* to saying that Trunkey and Pardee had bought 7500 tons of coal." But the statements of Pratt, sworn to by him, do not justify his conclusion. He expressly says, however, that nothing was said as to the price that was to be paid for the coal. There being no other proof of the contract, the jury were instructed to return a verdict for the defendants.

Assuming that the contract is sufficiently proved, as alleged, by the evidence of Boyle, except as to the agreed price, counsel for appellants contend that the case is brought within the rule that in a contract of bargain and sale of personal property, if nothing has been said by the parties as to price, the law implies an understanding that it is to be paid for at what it is reasonably worth,—citing Benjamin on Sales, secs. 99, 83; 2 Sutherland on Damages, 347-349, 365, and other authorities. That rule can not be applied to a case like this. There can be no doubt that the measure of damages, if plaintiffs can recover at all, would be the difference between the contract price and the market value of the coal at the time and place it should have been delivered. Sedgwick on Damages, (6th ed.)

312; *Smith* v. *Dunlap,* 12 Ill. 184; *Phelps* v. *McGee,* 18 id. 155; *Sleuter* v. *Wallbaum,* 45 id. 43; *Kitzinger* v. *Sanborn,* 70 id. 146.

As a general rule, the reasonable value of an article of merchandise is its market value. A thing is reasonably worth what it will bring in the market. The rule contended for may be applied to cases in which the vendor sues the vendee who refuses to take goods purchased, and pay for them. In that case the vendor may store them for the vendee, give him notice that he has done so, and then recover the full contract price; or he may keep the goods, and recover the excess of the contract price over and above the market price at the time and place of delivery; or he may give notice to the vendee, sell the goods, and recover the loss if the goods fail to bring the amount of the contract price. (*Bagley* v. *Finlay,* 82 Ill. 524; *Saladin* v. *Mitchell,* 45 id. 79.) In such cases, if the parties have made a valid contract of purchase and sale, failing only to mention the price, the reasonable price may be presumed to have been intended; but in this case the vendees were bound to prove a contract price, to show that they had been damaged. Again, by their declaration, and every count of it, they allege that there was an agreement as to price. Either a definite sum, reasonable price or market price was named. The parties were not silent as to price. The plaintiffs could not allege one case and recover on proof of another. The court properly instructed the jury that on the proofs made there could be no recovery.

The judgment is affirmed.

*Judgment affirmed.*