## Edward F. Russell v. John Happ et al.

1. Witness—*Competency After the Death of the Adverse Party.*—When a party dies pending a suit, the testimony of his adversary, given at a former trial and prior to his decease, can not be admitted as against his executors.

Assumpsit, on a guarantee, etc. Trial in the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Verdict and judgment for defendants. Appeal by plaintiff. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 26, 1898.

C. J. Michelet, attorney for appellant.

W. A. Hamilton, attorney for appellees.

The court committed no error in refusing to allow the defendant to testify. It must be remembered that he was expressly offered the privilege of testifying with respect to those things to which the witness Hamilton had testified, but he refused to avail himself of the opportunity. In support of the rule that, with the exception named, the defendant was not competent to testify "of his own motion or in his own behalf" in this action in which the plaintiffs sue as executors of a deceased person, it is not necessary to do more than cite the statute and a very few decisions under it. It does not matter what the defendant wishes to testify to, or that he has testified on a formal trial, or that he is merely a surety, or that the plaintiff has died *pendente lite.* R. S., Ch. 51, Secs. 2, 3; Whitmer v. Rucker, 71 Ill. 410 (412); Langley v. Dodsworth, 81 Ill. 86; Lowman v. Aubrey, 72 Ill. 619 (622).

Mr. Presiding Justice Adams delivered the opinion of the court.

This was an action of assumpsit by Benjamin Emerson against appellant, as the guarantor of a promissory note. John W. Maxwell and Julia E. Maxwell executed to Benjamin Emerson their promissory note, of date January 12,

1889, for the sum of $500, with interest at the rate of seven per cent per annum, payable to the order of said Emerson four days after the date thereof. Indorsed on the note was the following:

"In case of default in the payment of the within note at maturity, and inability to collect the sum of the makers by due process of law, I hereby become guarantor for the payment of the same."

"EDWARD F. RUSSELL."

The makers of the note, to secure payment thereof, executed to appellant, as trustee, a trust deed of certain real property in Potter county, in South Dakota. The note not having been paid at maturity, Benjamin Emerson, the payee of the note, August 24, 1895, commenced in the Circuit Court of said Potter county a suit for the foreclosure of the trust deed, and such proceedings were had in said suit that a judgment or decree was entered therein November 25, 1895, ordering a sale of the premises conveyed by the trust deed. The proceeds of the sale, less costs and expenses paid from said proceeds by order of the court, was $73.64, which amount was credited on the note.

The declaration contains a special count and the common counts, and in the special count it is alleged, among other things, that John W. Maxwell died in the year 1890, leaving no estate; that Julia Maxwell has no property or money, and that the plaintiff is unable to collect the note from the makers by due process of law.

Prior to the trial resulting in the judgment appealed from there were two trials of the case, the first July 13, 1896, and the second January 18, 1897. April 8, 1897, the death of Benjamin Emerson, the plaintiff in the action, was suggested, and John Happ and John Emerson, his executors and the appellees here, were substituted as defendants. The appellant pleaded the general issue and several special pleas. One of the special pleas alleged, in substance, that the consideration upon which defendant indorsed said note was the delivery to him by plaintiff of a power of attorney, giving defendant power to act in the matter of the collection

of interest and the principal of said note as in his judgment seemed best; and that afterward plaintiff demanded and received from the defendant said power of attorney in consideration that plaintiff should release defendant from all liability on account of his indorsement on said note; that plaintiff did receive said power of attorney from defendant, and that plaintiff did release defendant from all liability on said indorsement.

The last trial occurred May 3, 1897, and appellant's counsel, at the close of the evidence for the appellees, the plaintiffs below made the following offer:

" I offer in evidence the testimony given by the defendant, Russell, and the plaintiff, Emerson, at the former trial of this cause, to prove that shortly after the defendant had entered into the guaranty on the promissory note in this suit, the plaintiff released the defendant from all liability on account of the same; and further, I offer to show that the aforesaid evidence, so given on the former trial, is the only evidence obtainable on the point so offered to be proved."

The court refused to admit the offered evidence, and this is assigned as error, and is the only assignment of error relied on in argument.    The appellees were prosecuting the suit as the executors of Benjamin Emerson, deceased.    The appellant was the defendant in the action, and by the very terms of the statute he was excluded from testifying unless called as a witness by appellees.    He could not testify of his own motion or in his own behalf, or at all, unless called as a witness by the adverse party, viz., by appellees.    3 S. & C., Chap. 51, Sec. 2.    And if he, being alive, could not testify of his own motion, his testimony on a former trial was inadmissible.

In Trunkey et al. v. Hedstrom et al., 131 Ill. 204, Trunkey, one of the plaintiffs in the action, testified on the first trial of the cause that he made the contract sued on with one Pratt, the agent of the defendants, and Pratt also testified. Before the next trial it was stipulated between the parties that in any future trial Pratt's testimony might be read in evidence by the defendants as though regularly taken as a

deposition in the cause. Before the next trial Pratt died. Trunkey, on the final trial, was called as a witness by the plaintiffs, but the trial court held him incompetent, and the ruling was sustained by the Supreme Court, the latter court saying: "Whether Trunkey was allowed to testify on the trial, or his former evidence was read to the jury, could make no difference." We regard this as decisive of the question. Russell was not called as a witness by appellees; he could not testify of his own motion, or in his own behalf, unless so called, and if it made no difference whether he testified, or his testimony on the former trial was put in evidence, then his testimony on the former trial was incompetent.

The judgment will be affirmed.