### Rosena Edwards et al. v. Oil City Building & Savings Association.

1. HOMESTEAD LOAN ASSOCIATION—*what transactions not usurious.* Loans made by a homestead loan association, if made conformably to statute, are not usurious.

2. MASTER IN CHANCERY—*when findings of, will not be disturbed.*

Where there is nothing in the abstract to overcome a finding made by a master, such finding will be adopted by the court.

3. ACKNOWLEDGMENTS—*legislative power to legalize.* It is within the power of the legislature to legalize acknowledgments which but for such legalization would be void.

Foreclosure. Error to the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

FRANK P. DRENNAN, for plaintiffs in error; AMOS OLLER, of counsel.

T. A. GASAWAY, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Defendant in error began suit against plaintiffs in error in the Circuit Court of Montgomery county to foreclose two mortgages made by plaintiffs in error to defendant in error to secure moneys loaned by defendant in error to the said Rosena Edwards, who was a stockholder in the association (defendant in error) at the time the loans were made.

Answer was filed and the cause referred to the master in chancery who took the evidence and reported the same to the court with his conclusions thereon.

Objections were made by plaintiffs in error to a part of the findings of the master which were overruled by him and afterward heard by the court and treated as exceptions to such parts of the report so objected to.

Upon a hearing there was a decree in favor of defendant in error in the sum of $541.29. This case is brought to this court upon writ of error.

Plaintiffs in error first claim that there was usury involved in the transactions. The loans were made by defendant in error as a building and savings association to plaintiff in error and while such loan might be usurious, if not made conformably to the act governing such associations, yet if such loans were made

in accordance with the provisions of the statute governing them no usury is involved. In considering this assignment of error we must rely upon the finding of the master in chancery. The master reports that he finds that such loans or contracts were entered into between the parties conformably to the charter and regulations of the association to which said Rosena Edwards was a member when the loans were made, and that the said contracts are not usurious. There is nothing in the abstract of the record to overcome this finding of the master in chancery; we cannot say that the trial court was in error in sustaining the master's findings in that respect.

It is next contended that as the mortgages were null and void at the time of their execution, because the officer who took the acknowledgment was also an officer of the association, that they are still void notwithstanding the act of May 15, 1903, legalizing such acknowledgments.

This question was determined in Steger v. Traveling Men's Building Association, 208 Ill. 236, where the court held that as the legislature had power to have provided by law that such an officer could take an acknowledgment it had power to bind the mortgagor by legalizing such an acknowledgment where it would have otherwise been void by reason of the personal disability of the officer taking it.

In the case at bar the situation of the parties was the same at the time of the passage of the act of 1903, that it was when the defective acknowledgment was taken. The right of no third or other party had intervened. The Steger case is decisive of the rights of the parties in this proceeding.

It is next contended by plaintiffs in error that said Rosena and John C. Edwards were competent witnesses to testify to dealings had with one Hood, who was, at the time of the dealings, the agent of defendant in error, although said Hood had since died, and that the court erred in sustaining the master in his

finding that said witnesses were rendered incompetent by the death of Hood. In this there was no error. In Trunkey et al. v. Hedstrom, 131 Ill. 204, the court say in construing section 4 of chapter 51 of the Revised Statutes relating to evidence and depositions that a party to a contract made by him with an agent of the adverse party, after the death of such agent is not a competent witness to prove such contract or a conversation between him and the agent.

Objection is also made because the trial court did not have all the evidence in the case read and considered upon the hearing of the exceptions. It seems however that the court did not have such portions of the evidence as related to the objections and exceptions of the master's report, then being heard by the court, read and did consider such portions read. This was all the chancellor was required to do. He was not called upon to have read such parts of the evidence that had no relation to the exceptions being argued.

In Hayes v. Hammond, 162 Ill. 135, the court say that as the hearing is only upon exceptions the chancellor is required to hear only such evidence as relates to the matters excepted to and may, by any proper rule, effect that object, such as by requiring an abstract of the evidence.

There is no reversible error in this record and the decree is affirmed.

*Affirmed.*