M. M. STOWE *vs.* FRANCIS BUTTRICK.

Worcester.    October 2. — 21, 1878.    AMES & SOULE, JJ., absent.

A contract, by which a person is appointed keeper of attached property by the attaching officer, is not unlawful as between the parties to it; and, in an action by the keeper against the officer, for the value of services rendered under the contract, it is no defence that the officer has no claim against another for the performance of such services.

In an action upon a *quantum meruit* for services rendered to another upon his express request, the compensation is to be determined by the value of the services, and not by the amount of benefit which the person requesting them receives.

CONTRACT upon an account annexed for services rendered as keeper of certain property attached by the defendant, a deputy sheriff. Answer: 1. A general denial; 2. That the contract was illegal and void.

At the trial in the Superior Court, before *Bacon*, J., without a jury, the plaintiff put in evidence a written appointment of himself as keeper of personal property of one Winchester, which had been attached by the defendant on a writ against Winchester. He testified that there was no agreed price for the services to be rendered; that he kept possession of the property, and devoted his whole time thereto for two hundred and three days; that he was then directed by the defendant to deliver the keys and possession to Winchester, as the case in which the attachment was made was settled; and that his services were worth

two dollars per day. No question was made as to the sufficiency of the writ against Winchester, or that he was owner of the property, or that the defendant attached the same and put the plaintiff in possession.

This was all the evidence ; and the defendant contended that, on these facts, the plaintiff could not recover, on the ground that the contract proved was illegal and void.

The judge so ruled ; and also ruled that upon these facts the plaintiff could not recover upon a *quantum meruit ;* and found for the defendant. The plaintiff alleged exceptions.

*W. S. B. Hopkins & G. H. Whitney,* for the plaintiff, were stopped by the court.

*G. A. Torrey,* for the defendant.

LORD, J. The ruling of the presiding judge, that the contract which the plaintiff seeks to enforce is void because of illegality, cannot be sustained. *Cutter* v. *Howe,* 122 Mass. 541, upon which the ruling is supposed to be based, admits of no such interpretation. That case decides only that a fee charged by an officer, which the law does not authorize, cannot be taxed as legal costs in the suit. If, for the purpose of keeping goods of very trifling bulk, an officer should hire an entire building which was wholly unnecessary, the rent of such building would not properly be taxable costs in the suit ; but it has not been decided that a lease thus taken by an officer would be void, or that the lessor could not recover rent upon it. If the officer should attempt to charge such rent as part of the cost of service, or if the lessor should undertake to hold the adverse party for such charge, there would be an analogy to the case of *Cutter* v. *Howe.* There is nothing in the case at bar to show that the plaintiff was at any time or in any respect a wrongdoer. His claim is that he performed a service at the request of the defendant, for which he is entitled to compensation. The service was not an illegal service, as between the plaintiff and the defendant ; and if it should happen that, for the performance of such service, the defendant has no claim upon another, it is the misfortune of the defendant, and not the fault of the plaintiff. The right of the plaintiff to recover for services rendered at the defendant's request does not depend upon the right of the defendant to recover from another for the services rendered. There is nothing in the case to show

that the defendant had not hired the building, in which the goods were stored, of Winchester, the defendant in the writ on which the property was attached, or that he was not in possession of it with Winchester's express or implied assent.  In such case, the officer would not be a trespasser.  There is no presumption of law or fact that an officer, in the service of legal process, is a trespasser, nor that a contract into which he enters with another, for any purpose not in itself unlawful, is void.  Nor is the position of the defendant tenable, that, inasmuch as he received no benefit from the services of the plaintiff, the plaintiff cannot recover.  In an action upon a *quantum meruit* for services rendered to another upon his express request, the value of the services is not to be determined by the amount of benefit which the party requesting them receives.  If A. hires B. to perform a particular service in a particular mode, the compensation is to be determined by the value of the services, and not by the benefit which A. derives from it.         *Exceptions sustained.*