## Isidore Rothstein v. Siegel, Cooper & Co.

1. EVIDENCE—*As to Conversations with a Deceased Agent of the Adverse Party.*—In all suits or proceedings, a party who has contracted with an agent of the adverse party, and such agent having since died, is not a competent witness to any admission or conversation between himself and such agent, unless such admission or conversation with the said deceased agent was had or made in the presence of surviving agent or agents of such adverse party.

2. SAME—*Under a Quantum Meruit.*—The inquiry under a *quantum meruit* is not what benefits, immediate or remote, have been derived from services rendered, but what is the value of such services.

3. SAME—*Questions Touching Payment.*—Where counsel for the defendant asked the plaintiff, "Have you ever received anything?" to which an objection was interposed, *held*, that the question should have been answered, as the object of it was, obviously, not to prove payment, but to bring out the facts, as the plaintiff was claiming he had not been fully paid.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed July 2, 1902.

ISAAC ANDERSON LOEB and WILLIAM S. NEWBURGER, attorneys for appellant; WILLIAM S. HEFFERAN, of counsel.

BINSWANGER & JACKSON, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action in assumpsit. The declaration contains, in addition to the common counts, a special count which avers appellant had been employed as manager of appellee's toy department under an agreement that he should receive as compensation for his services therein one per cent of the gross sales of that department, and that such sales amounted during the period of his employment in said department to one hundred thousand dollars. It is also set forth that after the termination of his employment as such manager and buyer for the toy department, he was employed by appellee to take an inventory of its crockery department, and that his services in so doing were reasonably worth two hundred and fifty dollars.

At the conclusion of the testimony of the plaintiff, the court instructed the jury to find the issues for the defendant, and rendered judgment accordingly.

It is urged that the court erred in excluding a conversation between the plaintiff and one J. Brennan, former treasurer of appellee and now deceased. The 4th section of chapter 51, Revised Statutes, provides that " in every action, suit or proceeding, a party to the same, who has contracted with an agent of the adverse party, the agent having since died, shall not be a competent witness as to any admission or conversation between himself and such agent unless such admission or conversation with the said deceased agent was had or made in the presence of a surviving agent or agents of such adverse party," etc. The court committed no error in excluding, under this section, the plaintiff's testimony concerning the conversation referred to. The distinction sought to be made by appellant's attorneys to the effect that in this case, " the contract was made with the corporation itself," and that hence, "Brennan was not acting as agent for said corporation " in making the contract, is perhaps not wholly unintelligible, but is certainly untenable.

It is contended that the court erred in excluding the answers to certain questions. Although plaintiff failed to

prove the special contract set up in his declaration, he may still have been entitled to recover under the common counts whatever his services as manager and buyer of the toy department are reasonably worth during the period of his employment in that capacity. In order, it is said, to enable the jury to determine what such services were reasonably worth, appellant testified that he was manager and buyer of that department from July 22, 1899, to January 10, 1900. He was then asked how much he had received for such services, and an objection to the question having been sustained and exception preserved, he was asked, "Have you received anything?" To this the court said: "That you need not answer. You don't have to prove payment; you prove your side of the case and let them prove payment." We think the witness should have been permitted to answer these questions. Their object obviously was not, we think, to prove payment, but the reverse. Appellant claims that he has not been fully paid for his services, and it is apparent, in our judgment, that the object of these preliminary questions was to bring out the facts in that regard. By the rulings complained of, appellant seems to have been cut off from presenting such case as he claims to have. The averment in this declaration of a special contract did not prevent appellant from recovering under the common counts on a *quantum meruit*, if the evidence showed him entitled to such recovery, merely because the evidence is insufficient to establish a specific contract for a fixed compensation. He was entitled to present evidence if he could, tending to establish facts from which the promise to pay for the alleged extra services would be implied, to show the character and extent of such services and that they were outside of his regular employment, if such is the fact. Appellee, evidently considering it proper to give him some extra compensation, sent him $250 "for extra remuneration in connection with handling the toy department during the latter part of 1899." We think it was proper, therefore, as bearing upon his claim to additional payment, to show what the gross sales were under his management, and that it was

error to rule out evidence on that point, and also as to what he did as manager and buyer of the toy department. It may be that he is not entitled to any extra compensation whatever, but he is entitled to the opportunity to present such evidence as is competent in support of his claim.

Appellant testified that after he left appellee's employ he came back to Chicago from Pittsburg at appellee's request and supervised the inventory of the china department January 28 and 29, 1900, and that he has never received anything, except his expenses, for that service. The question was then put: "What would be a reasonable sum for the services rendered in the taking of the inventory at that time?" It is urged that the trial court erred in sustaining an objection to this question. In this we can not concur. The witness had just stated he had never received anything for that service. He had been in that china and glassware business twelve years, and his experience, apparently, qualified him to state the market value of the services rendered. It is said by appellee's attorneys that had the question called on the witness "to state what were the usual and customary charges for the services rendered, the question would have been proper, provided a proper foundation had been laid qualifying the witness to give testimony upon this point, and provided the circumstances warranted a recovery." Whether the circumstances warranted a recovery it was the purpose of the trial court to ascertain. The question, however, should have been directed to ascertain the usual and customary charge. It is said, in Haish v. Payson, 107 Ill. 365-371, "The inquiry under a *quantum meruit* is not what benefits, immediate and remote, have been derived from the services, but the question is, what is the general worth of the service rendered?" The question in cases of attorneys' fees for services in dissolving an injunction is required to include "the usual and customary fees for such services," not what is reasonable, just or proper. (Jevne v. Osgood, 57 Ill. 340-347; Reynolds v. McMillan, 63 Ill. 46.) It was not error to sustain the objection to the question in the form in which it was put.

604 APPELLATE COURTS OF ILLINOIS.

There is no evidence, so far as we are advised, which sustains the statement in appellee's brief, that "these services were rendered pursuant to his promise to return, if possible, and render these services, in consideration of his release by Siegel, Cooper & Co. before the expiration of his term." Whether appellant was entitled to more than nominal damages, or any damages, can be better determined when his testimony has been admitted.

The trial court was correct in sustaining objections to many of the questions put by appellant's attorneys, and had the latter been more careful and exact in the examination of the witness, it is probable no cause of complaint would have arisen. We do not express any opinion upon the merits. As the record stands we can not intelligently form any. But for the reasons above indicated the judgment must be reversed and the cause remanded.