## STALLINGS v. ELLIS.

(Filed September 27, 1904).

PARENT AND CHILD—*Executors and Administrators—Presumptions.*

> Where there is no evidence that a daughter expected to be paid or the father expected to pay for services rendered him during his last illness, it will be presumed that the services were gratuitous, and in such case the plaintiff should be nonsuited.

ACTION by R. B. Stallings and wife against O. L. Ellis, heard by *Judge Frederick Moore* and a jury, at January Term, 1904, of the Superior Court of FRANKLIN County.

The plaintiff alleged that her father, H. G. Leonard, died in May, 1901, and defendant qualified as his administrator. That during the last four and a half years of his life he was almost helpless on account of age and disease. That during this time he lived with her and that she gave him care and attention. She says "She gave to him as untiring devotion and as much watching and attention as if he had been one of her children." In the fifth allegation she avers that "the nursing, care and attention given by this plaintiff to said H. G. Leonard during said period was reasonably worth the sum of seventy-five dollars a year or a total of $337.50." That he left a small amount of personal property and a tract of land, which has been sold for division and the proceeds are in the hands of the commissioner appointed for that purpose. That the personal estate is wholly inadequate to pay the plaintiff's claim. She demands judgment for $337.50 and that the same be paid by the commissioner out of the proceeds of the land now in his hands. The defendant admits the allegations except the fifth, and denies that her services were worth the amount named. He set out, by way of defense, the terms upon which the intestate resided with the plaintiff. The plaintiff

testified that her father was 69 years old when he died, and that his health was bad for four years and six months before he died; he had two spells of sickness in one year; when he was sick he had to have the same attention as a child; the first year her father was with her she and her husband lived on her father's land; they then went to the Hollingsworth place and stayed one year, and then moved to her present home; the first year her father had grippe, after which his health failed; Dr. Wheeler attended him; he had four children; her father held his land in possession and rented it out—does not know how much rent he got; he consumed the rent, and he fed and clothed himself, and contributed to the family expenses; he estimated what his board would amount to and put in that amount; he was sick a large part of the time but died suddenly.

Dr. Wheeler testified that the plaintiff's father was sick and required a great deal of attention, which was given him by the plaintiff. He corroborated the plaintiff as to her father's condition and the services she rendered to him; her father paid the medical bills. The plaintiff introduced other corroborative testimony as to the condition of her father and her services.

The plaintiff's husband has died since this action was brought. The defendant at the close of the plaintiff's evidence moved to dismiss the action as upon a demurrer to the evidence. The motion was denied and the defendant excepted.

The Court submitted to the jury the following issue: "Is the defendant indebted to the plaintiff, and if so, in what sum?" The defendant in apt time requested the Court to charge the jury that on all of the evidence they should answer the issue in the negative. This request was refused and the defendant excepted. Verdict for the plaintiff.

Judgment accordingly. The defendant excepted and appealed.

*Wm. H. Ruffin* and *F. S. Spruill,* for the plaintiffs.
*W. M. Person* and *T. W. Bickett,* for the defendant.

CONNOR, J. The plaintiff declares upon a *quantum meruit* for services rendered her father during the last four years of his life. It is elementary learning that right to recover upon this count or cause of action is based upon implied assumpsit, that is, that in the absence of a special contract, the law implies a promise to pay so much for services as they are reasonably worth. When, however, the relation existing between the party rendering and the one receiving the services is that of parent and child, there is a presumption, on account of the relationship, that the services are rendered because of mutual affection or reciprocal benefits, and in the absence of any evidence tending to rebut the presumption no recovery can be had. The presumption may be rebutted by showing that the party rendering the services expected to recover and the other party expected to pay for them. The law is well stated in 21 American & Eng. Enc. (2 Ed.), p. 1061. "The general rule deducible from the authorities is that when the child, after arriving at majority, continues to reside as a member of the family with a parent, or with one who stands in the relation of a parent, or when the parent resides in the family of a child, the presumption is that no payment is expected for services rendered or support furnished by the one to the other. This presumption is not, however, conclusive, but may be overcome by proof of an express agreement to pay, or of such facts and circumstances as show satisfactorily that the parties at the time expected payment to be made." The editor cites a large number of cases to sustain the text. This rule

has been adopted and uniformly adhered to by this Court. *Ruffin, C. J.,* in *Williams v. Barnes,* 14 N. C., 348, states the law clearly and defends it in strong language. *Pearson, J.,* in *Hudson v. Lutz,* 50 N. C., 217, says: "When work is done for another, the law implies a promise to pay for it; this is the general rule; it is based on a presumption growing out of the ordinary dealings of men. But an exception is made whenever this presumption is rebutted by the relation of the parties. The case of a parent and child is exception." The same doctrine is adhered to in *Dodson v. McAdams,* 96 N. C., 149, 60 Am. Rep., 408; *Young v. Herman,* 97 N. C., 280; *Callahan v. Wood,* 118 N. C., 752; *Avitt v. Smith,* 120 N. C., 392; *Hicks v. Barnes,* 132 N. C., 146.

The plaintiff's counsel cites several cases decided by other Courts which are not entirely in harmony with the law as announced by this Court. It may be that some of the Courts have made the distinction contended for by the plaintiff, that when the child rendering the service is of full age and married, the legal status of the parent and child being in a sense severed, the law implies a promise to pay for services. Certainly in such cases it would require less evidence to rebut the presumption than in those where there is a continued, unbroken residence. However this may be, we prefer to adhere to our own decisions and uphold that view which we think is most creditable and more in consonance with the sentiment and practice of our people. We are not willing to have the law attribute, in the absence of a contract, to a child mercenary motives in the rendition of services to an aged parent in sickness and adversity. It is evident that the plaintiff has rendered to her aged and infirm father faithful services, and it may be that it would be proper and generous in the other children to consent that such services should in some measure be recognized in the

distribution of his estate. We have no power, however, to enforce the performance of such duty.

In the view which we take of the testimony, the relation which existed between the father and the plaintiff and her family is the same which is frequently found among our people. He was old and in bad health. He had a small farm upon which they first lived. The rents, after removing from it, he applied to his board and actual expenses. The services which the daughter rendered, in her own language, were such as she would have rendered to her own child. There is no suggestion in the complaint or the evidence that she expected to be paid for them, and in the absence of such suggestion the law raises no implication to that effect.

The demurrer to the evidence should have been sustained and the action dismissed. His Honor erred in refusing the motion. Let it be so certified.

Error.