## Cohen-Schwartz Rail and Steel Company, Appellant, v. The East St. Louis Locomotive and Machine Shop Company, Appellee.

1. INSTRUCTIONS—*when peremptory for defendant erroneous.*  If the evidence fairly tends to establish the plaintiff's right to recover, it is error to instruct the jury to find for the defendant.  In such case it is for the jury to say what weight the evidence is entitled to and whether sufficient to sustain the action.

2. EVIDENCE—*when exclusion error.*  If a party claims to have been seeking to fulfill its contract, evidence which tends to refute the *bona fides* of such claim is improperly excluded.

3. EVIDENCE—*when declarations of deceased agent incompetent.*  The declarations of a deceased agent of a party are properly excluded if not made in the presence of the opposite party or its agent.

4. CORPORATIONS—*when foreign not doing business in this state.*  *Held*, under the evidence, that the foreign corporation, plaintiff in this suit, although unlicensed, was not doing business in this state within the meaning of the statute.

Action commenced before justice of the peace.  Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.  Heard in this court at the March term, 1910.  Reversed and remanded.  Opinion filed. November 12, 1910.

WILLIAM P. LAUNTZ, for appellant.

L. O. Whitnel and H. L. Browning, for appellee.

Mr. Justice Duncan delivered the opinion of the court.

This suit was originally brought before a justice of the peace and on appeal and trial before the city court and a jury, after the evidence was introduced for the plaintiff, the court, on motion of the defendant, instructed the jury to return a verdict for the defendant, and entered judgment against the plaintiff in bar and for costs. Plaintiff appealed. The plaintiff claims that it purchased of the defendant's agent in St. Louis, Missouri, a carload of fifty second-hand car wheels weighing about 29,000 pounds, at $20 per ton, F. O. B. cars at defendant's shops in East St. Louis; and that the defendant refused to comply with the contract to plaintiff's damage. It was agreed on the trial that the plaintiff was entitled to recover $82.50 as damages, if it was entitled to recover at all. The defendant denies that any such contract was ever made, and insisted that the evidence in this record did not sustain it. We think the evidence in this record tends strongly to prove that the contract was made, and that the court erred in taking the case from the jury. Several letters from plaintiff to defendant and from defendant to plaintiff were introduced in evidence and their genuineness is unquestioned. The first letter from the plaintiff to defendant reads thus: "We beg to confirm purchase of your Mr. Huff over phone, of a carload of standard and narrow gauge wheels free of steel locomotive tires, at $20 per gross tons, F. O. B. cars your works. We are giving you 60 days time in which to make shipment of this material. We understand that you now have 50 of those wheels on hand, which will be satisfactory if you can load same to 15 gross tons which is the minimum weight of cars going eastward." To this letter defendant replied as follows: "In reply to yours of the 27th inst. in regard to wheels and cast iron sold you, would say will load

this as soon as we can get a car and send it forward." When again written to and pressed by the plaintiff to send the wheels, it is true that the defendant replied that it would not have altogether more than 25,000 or 30,000 pounds and gave as an excuse that the plaintiff did not want less than a minimum car load of about 33,600 pounds, and therefore had not shipped the wheels. However, the plaintiff afterwards wrote the defendant: "In the event you have not accumulated any car wheels since, you may ship the 30,000 lbs.," etc; and to which defendant never replied until it was notified that the claim was in hands of a collection agency some twenty days afterwards. The testimony further shows that the wheels were never delivered, that the price of them rose on the market to $25.50 per ton, at which price defendant had to pay for others. "If the evidence fairly tends to establish plaintiff's right to recover, it is error to instruct the jury to find for the defendant. In such case it is for the jury to say what weight the evidence is entitled to, and whether sufficient to sustain the action." The People v. People's Ins. Exch., 126 Ill. 466.

It was error in the court also to exclude the testimony of the witness, Schwartz, to the effect that the defendant sold a lot of car wheels, provided the sale occurred since this trade between these parties. It would have had considerable bearing along with the further fact that prices of the wheels had advanced, in refuting the *bona fides* of the defendant's claim that it was trying to fill its contract; but was prevented for want of a car, etc. The court excluded it without regard to when the sale occurred, apparently. It was not error, however, for the court to exclude the evidence of the declarations of the deceased agent of appellee, Mr. Huff, as to the making of the trade in regard to the wheels, that were not made in the presence of another agent of the defendant. Hurd's R. S. Ill., chap. 54, sec. 4; Rothstein v. Siegel Cooper & Co., 102 Ill. App. 600; Trunkey v. Hedstrom, 131 Ill. 204.

The evidence tends strongly to show that this contract was made in Missouri; and, although the plaintiff is a foreign corporation not licensed to do business in this state, we do not think the plaintiff was "transacting business in this state" within the meaning of the statute requiring foreign corporations to be licensed, etc.

For the errors indicated the judgment of the lower court is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*