ARTHUR T. ROGERS *vs.* BECKER-BRAINARD MILLING MACHINE COMPANY.

Norfolk. March 6, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Contract,* Implied in fact.

Where a contractor made a contract in writing with the owner of a ledge of rock by the provisions of which the contractor agreed to blast from the ledge at a certain price per cubic yard such an amount of stone as the owner might desire and the owner agreed to have one half of the rock removed before stopping the work, and the contractor removed one half of the rock and, acting as a reasonable man and under the supervision of an agent of the owner, continued at work and made preparations for the removal of the remainder of the rock, when the owner gave him notice to cease work, the contractor can recover the contract price for the rock removed, and also on a contract implied in fact the value of the work done and materials furnished in preparation for the further blasting.

CONTRACT upon an account annexed containing two items of charges, hereinafter described, for work done in drilling and blasting. Writ in the District Court of Northern Norfolk dated October 24, 1905.

On appeal to the Superior Court the case was tried before *Aiken,* C. J.

It appeared that the plaintiff and the defendant had made a contract, whose provisions, so far as material, in substance were as follows:

"The contractor [the plaintiff] agrees to blast from [a certain rock] ledge, such amount of stone as the company [the defendant] may desire; . . . to furnish all boilers, drills, tools, coal, water and materials to cover the blasts, as may be required at his own

expense. For this work the company agrees to pay the sum of one dollar and thirty-five cents ($1.35) per cubic yard for the amount taken out of the ledge which contains 900 cubic yards. . . . The company agree to have one-half of rock removed before stopping the work, provided it is done in a satisfactory manner."

It appeared that, under the supervision of a representative of the defendant named Beale, the plaintiff in a manner satisfactory to the defendant had removed over one half of the rock ledge and had made extensive preparations for the removal of the remainder, when the defendant stopped further performance of the contract.

The first item of charge in the declaration was for the rock already taken out under the terms of the contract, and the second was for the "work done in drilling and blasting preparatory to removal of stone in remainder of ledge and prior to time work was stopped thereon including furnishing of drills etc." The defendant admitted liability under the first item, subject to a partial payment set out in the account; but it denied liability as to the second item.

At the close of the evidence the defendant asked the Chief Justice to rule that "unless the preparatory work done by the plaintiff for which he seeks to recover has been of some benefit to the defendant, the plaintiff is not entitled to damages."

The ruling was refused and the jury were instructed in substance that the plaintiff was entitled to recover for so much and only so much of the labor and materials described in the second item as he had furnished and used, acting as a reasonable man in going forward in preparation for the blasting of the remainder of the ledge before he was stopped by the defendant.

The jury found for the plaintiff for the full amount claimed; and the defendant alleged exceptions.

*H. T. Richardson,* for the defendant, submitted a brief.

*E. C. Jenney,* for the plaintiff.

DeCourcy, J. The only stipulation for payment contained in the express contract was that of "one dollar and thirty-five cents per cubic yard for the amount taken out of the ledge." When the defendant took advantage of the clause which authorized it to stop the work after one half of the rock was removed, the plaintiff had done drilling and blasting to the value of $349.92, preparatory to dislodging the remainder of the ledge. This addi-

tional work was performed under the direction of officers of the defendant company, and especially of one Beale who was placed in charge of it by the defendant's president. It was carried on by the plaintiff in good faith, when he had no reason to believe that the defendant intended to stop the work; and the jury must have found that it was no greater in amount than he reasonably ought to have done under the circumstances, having in mind the defendant's right to terminate the contract. For labor and materials furnished under such a state of facts, which the defendant knew was not intended to be given gratuitously, the law implies an obligation to pay; and there is nothing in the written contract to exclude such an implication.

The measure of the plaintiff's damages is the fair value of the work which is additional to that covered by the contract. This is not a case where one has substantially but not fully performed an express contract and seeks to recover upon a *quantum meruit;* and cases like *Hayward* v. *Leonard,* 7 Pick. 181, cited by the defendant, are not applicable. It may be that the work in question is of little immediate value to the defendant, but this is due to its failure to give timely notice of its decision to remove only a portion of the stone, and cannot lessen the amount to which the plaintiff is entitled. *Stowe* v. *Buttrick,* 125 Mass. 449. *Fitzgerald* v. *Allen,* 128 Mass. 232. *Vickery* v. *Ritchie,* 202 Mass. 247.

*Exceptions overruled.*