Carr, J.
The theory of this action is that the defendant as assignee of the plaintiff for the benefit of creditors received from the plaintiff certain property later converted into cash and certain money in addition for his services and expenses; that the defendant settled with all but two of the creditors, and that because these two creditors would not become parties to the assignment the defendant had remaining in his hands $1313.50, which he ought to pay back to the plaintiff. In defence he says in substance that outside of his duties as assignee, at the request of the plaintiff, he made certain expenditures and rendered certain services for the plaintiff for which he ought to be paid and which the plaintiff agreed might be satisfied out of the *116 balance in Ms hands. He consequently seeks to set off what is due Mm against the plaintiff’s claim and to recover the balance, if any, which may be due him. It was agreed at the time that no1 question of pleading would be raised to prevent the defendant from establishing his contention. Just why this surplus of trust assets should not result in a second dividend to those creditors who did assent, rather than in its return to the plaintiff, how far all the assenting creditors were apprized of the side payment to “attorneys of certain of the assenting creditors as condition precedent to obtaining assents of such creditors to the assignment”, to what extent these excess funds are now so far freed from the trustee’s obligations to his beneficiaries that he can turn them to his personal advantage, are questions which suggest themselves on a reading of tMs report, cf. Collier, Bankruptcy, § 12a (4), but the story is not so complete as to enable us to say that the judge applying well settled principles, ought to have left both these parties where they had left themselves.
"When the trial closed and the case was left for the judge’s decision, there was no evidence in favor of the defendant’s right to charge the plaintiff or to withhold funds in his hands, wMch the judge was bound to believe. He had before him the defendant’s twelve requests for rulings to dispose of. We need not dwell on the requests given by the court nor the facts, if any, thus established. He refused and gave reasons for refusing requests three, four, five, ten and eleven. As to these he stated, “I do not find that tMs defendant performed services of any value to the plaintiff except such as were incident to his duties. I therefore deny said requests as immaterial.” Bequests three, four, five and ten were requests for rulings of law that facts therein stated were established. Standing thus they *117 obviously could not be given and if treated as requests for findings of fact the judge did not have to find them. Whether or not the reason for rejecting them was good, the rejection at the stage we are considering was proper. Randall v. Peerless Co., 212 Mass. 352, 384. Putnam v. U. S. Trust Co., 223 Mass. 199, 203. Raymond v. Stone, 246 Mass. 421, 424.
This, however, should be noted, — that at some time, either before or after passing on these requests, the trial judge established certain facts as shown by his statement that he believed the defendant’s testimony except as it might be inconsistent with that of Mr. Phelan and with his specific findings. He thus established the facts that the defendant rendered .services not incidental to the duties of assignee and that the plaintiff assented to his applying the balance in his hands to the payment of his fees in accordance with the previous understanding between them. By finding that the defendant rendered services not incidental to his duties as assignee he established the facts recited in the third request. But the defendant, with those facts found in his favor, cannot base a claim of prejudicial error upon the denial of his third request, even if we overlook the fact that the request is not of a type which the defendant was entitled to make. His real grievance is that, having found the fact of service, the judge allowed him no compensation for such service because he did not find that it was “of any value to the plaintiff.” And the questions then are— was this error, and, can it be corrected here.
It is obvious that the judge, in making his finding, adopted the theory which obtains in quasi-contract, which is founded upon unjust enrichment and has value received as the measure of liability. Restitution upon rescission of a contract is a common example. But the present case is one *118 of a contract implied in fact, the request for service with a tacit agreement to pay for it, not what it yields, but what it is worth. Unless otherwise stipulated, expressly or impliedly by reason of the nature of the transaction, the risk of success or profit is on the principal, not the agent. Mechem, Agency, §§1538, 2250. Nor is that rule limited to the field of agency. Vickery v. Ritchie, 202 Mass. 247. Rogers v. Becker-Brainard Co., 211 Mass. 559. The question before the judge was not something or nothing, dependent on success, but how much. An attorney contracts ordinarily only for service, and to invoke the criterion of value was prejudicial error.
No request for ruling raised this point, but since early days in appellate division practice we have asserted, and used, the right to relieve from manifest error, affecting substantial rights, even upon grounds not strictly saved. Reiss v. Cohen, App. Div. No. 4621 of 1914 (3-268). The steps prescribed for review are limitations upon the rights of litigants. They are not limitations upon the power of the court. That power, to see justice done, to forestall manifest injustice, while it is to be used cautiously, perhaps even sparingly, must exist, if form is not to prevail over substance, cf. Noyes v. Noyes, 224 Mass. 125, 134. Some expressions in early opinions hinted at a conception of this division as an independent intermediate tribunal with limited powers, forgetting that by the terms of its organic law it was not a court but a division of a court. Whether in trial or review it is the municipal court which acts. cf. Benson v. Hall, 197 Mass. 517. The power of the trial judge to correct his own error cannot be doubted. It would be absurd if three other judges of the same court had not at least equal power, even if the exercise of that power can be invoked only at discretion.
New trial ordered.