THOMAS B. DOE v. WACHOVIA BANK AND TRUST COMPANY, ADMINISTRATOR C. T. A. OF DORA W. DOE, DECEASED.

(Filed 17 March, 1937.)

**1. Executors and Administrators § 15d—**

In an action by a son against the estate of his mother to recover for sums advanced by him for her care and necessary medical attention prior to her death, evidence tending to show that said sums were not gifts, and tending to rebut the presumption to that effect arising from the relation, is competent.

**2. Same: Limitation of Actions § 1—Sums for which creditor must account should be applied to items barred by statute of limitations.**

A son advanced certain sums for the care and necessary medical attention of his mother, defendant's intestate, prior to her death, and by agreement with his sisters, received certain sums from a trust fund payable to intestate's children after her death. In his suit against his mother's estate to recover for advancements made by him, *it was held* that advancements made prior to three years from the institution of the action were barred by the statute of limitations, and it appeared that the advancements barred by the statute were in excess of sums received by him from the trust estate. *Held:* Conceding that sums received by him from the trust estate should be applied to advancements made by him, such sums should be applied to advancements barred by the statute, and the exclusion of evidence of the agreement under which he received the sums from the trust estate could not be prejudicial to defendant administrator.

APPEAL by defendant from *Phillips, J.,* at September Term, 1936, of BUNCOMBE. No error.

This is an action to recover the sum of $7,375.30, this being the aggregate of sums of money advanced by the plaintiff, from time to time, for the care and support of defendant's intestate during the last four years of her life.

In its answer the defendant denied liability to the plaintiff for advancements made by him for the care and support of its intestate, if any, on the ground that such advancements, if made by the plaintiff, as alleged in his complaint, were gifts from the plaintiff to defendant's intestate, who was his mother, and also pleaded in bar of plaintiff's recovery in this action the three year statute of limitations.

The evidence at the trial showed that during the year 1930, defendant's intestate, who was then a resident of Buncombe County, North Carolina, became ill; that because of her illness, which was both physical and mental, she required the constant care of physicians and nurses until her death on 23 June, 1931, at which time she was 74 years of age; and that because of her mental condition, due to her illness, defendant's intestate was unable to provide for her care and support out of her own funds, which would otherwise have been available for that purpose.

The evidence for the plaintiff tended to show that beginning on or about 25 August, 1930, and continuing until her death on 23 June, 1931, the plaintiff, who was a son of defendant's intestate, residing in the city of New York, from time to time made advancements for her care and support; that these advancements were made by checks, which were sent by mail to relatives of defendant's intestate with whom she resided; and that the proceeds of these checks were used to defray expenses incurred for her care and support.

The advancements thus made by the plaintiff during the three years immediately preceding the death of defendant's intestate, amounted to the sum of $2,619.

The court was of opinion that plaintiff was not entitled to recover in this action any sums advanced by him more than three years prior to the death of defendant's intestate, and so instructed the jury.

The issue submitted to the jury was answered as follows:

"Is the defendant indebted to the plaintiff, and if so, in what amount?

"Answer: 'Yes; $2,619, with interest.'"

From judgment in accordance with the verdict, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Jones & Ward for plaintiff.*
*Parker, Bernard & Parker for defendant.*

Connor, J. Defendant's objections to evidence offered by plaintiff at the trial of this action were properly overruled. The evidence was competent as tending to show that the advancements made by the plaintiff through his sister for the care and support of his mother, were not gifts from him to her, and as tending to rebut any presumption to that effect, arising from her relation to him.

Defendant's objections to the exclusion of evidence tending to show that when their mother became ill in 1930, the plaintiff and his sisters entered into an agreement in writing relative to the distribution of a trust fund which was payable to the children of defendant's intestate at her death, were properly sustained. Sums received by the plaintiff from said trust after the death of his mother, pursuant to said agreement were not paid out of her estate. Conceding that plaintiff should account for said sums as payments on advancements made by him for the care and support of his mother, it does not appear that said sums should be applied as payments on such advancements made within three years preceding the death of his mother. All the evidence showed that plaintiff made advancements which under the ruling of the court are barred by the statute of limitations, and that the sums received by him out of the trust fund did not exceed the amount of these advancements. For this reason, if it should be held that the exclusion of such evidence was error, such error was not prejudicial to the defendant.

The instructions of the court in its charge to the jury, which the defendant assigns as error, are in accord with the law applicable to the facts shown by the evidence, as declared in *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540. The judgment in the instant case is affirmed on the authority of that case.

No error.