HENRY SAWYER, Administrator of J. L. SAWYER, v. T. L. COX.

(Filed 8 March, 1939.)

1. **Quasi-Contracts § 2—Instruction in this action to recover reasonable value of board furnished defendant held not erroneous.**

   On the pleadings, evidence and issues in this action to recover of defendant the value of board furnished him, an instruction that if plaintiff undertook to board defendant at her table without definite arrangements as to payment, plaintiff would be entitled to recover the reasonable value thereof and that the jury might consider in extinguishment or reduction of the amount due, the value of the provisions furnished by defendant, *is held* without prejudicial error.

2. **Appeal and Error § 43—**

   Where petitioner fails to show substantial or prejudicial error, the petition for rehearing will be dismissed.

PETITION to rehear case decided Fall Term, 1938, and reported in 214 N. C., 839. Petition dismissed.

*L. T. Hammond and J. A. Spence for plaintiff, appellee.*
*J. G. Prevette and Daniel L. Bell for defendant, appellant.*

DEVIN, J.   The only questions presented for review by the petition to rehear relate to the cause of action prosecuted by the *feme* plaintiff for table board and services rendered the defendant, extending over a period of more than five years.   The statute of limitations was not pleaded.

The plaintiff testified that defendant had agreed to pay her fifty cents per day for the entire period, and that the services were reasonably worth that amount, or fifteen dollars per month.   The defendant admitted that he had originally agreed to pay her fifty cents per day, but he testified that that arrangement had been terminated and the plaintiff paid in full at the beginning of the period for which plaintiff now claims compensation, and that, while he boarded with her from time to time since, no definite amount had been agreed upon.

He further testified that he was to furnish, and did furnish, certain provisions for the table, which were consumed by plaintiff and her husband as well as by himself, and that he owed her nothing.

While he alleged in his answer as a counterclaim that he had furnished as much as $500.00 in provisions and supplies more than he had consumed, he testified on the trial, in part, as follows: "Assuming that my board was $15.00 a month, the amount I furnished was not above that.   No, it was not that much  .  .  .   I would say the supplies I furnished amounted to $10.00 a month."   Plaintiff testified the provisions furnished by defendant amounted to about $2.00 a month.

No separate issue as to defendant's counterclaim was submitted.   No issue was tendered and no exception was noted to the court's failure to submit such an issue.   The court charged the jury that there was no sufficient evidence to substantiate a counterclaim, but he permitted the jury to consider the value of the provisions furnished by defendant as an extinguishment or reduction of the amount due her for defendant's board.   The verdict in plaintiff's favor was for less than the amount she claimed.   Among other things the court charged the jury that if they were "satisfied from the testimony and by its greater weight, that she entered into the employment of housekeeper and boarding him at her table without any definite arrangement as to the amount or as to the time he stayed there, the law implied she was to be paid what her services were fairly worth, and that would be for the jury to determine."

While the portions of the charge of the court to which exceptions were noted by defendant may be open to criticism in some respects, after a careful consideration of the case, as presented by the record

before us, we conclude that the case has been fairly tried, that it principally involved issues of fact which have been determined by the jury, and that no substantial or prejudicial error sufficient to warrant setting aside the verdict and judgment has been shown.

Petition dismissed.