IRIS RAY, BY HER NEXT FRIEND, CHAMP RAY, v. EDITH ROBINSON, ADMINISTRATRIX.

(Filed 1 November, 1939.)

1. **Quasi Contracts § 1—**

   The law will imply a promise to pay the reasonable value of personal services rendered by one person to or for another which are knowingly and voluntarily received by him, in the absence of some express or implied gratuity.

2. **Quasi Contracts § 2—**

   Evidence that plaintiff went to the home of defendant principally to perform services for defendant's mother with expectation of pay, and

that plaintiff did perform such services until the death of defendant's mother, *is held* sufficient to be submitted to the jury in plaintiff's action to recover the reasonable value of the services rendered.

APPEAL by defendant from *Ervin, Special Judge,* at January Special Term, 1939, of YANCEY.

Civil action to recover for personal services.

The record discloses that on 24 April, 1934, Iris Ray, a minor, went to the home of John L. Young as a servant in the house principally to wait upon his mother, Mrs. Lodema Young, who was quite old and infirm, and there worked with expectation of pay until the death of Mrs. Young on 4 December, 1937.

This action is to recover for the reasonable value of the services rendered. Plaintiff's father, in open court, waived any right of recovery on his part for plaintiff's services. The complaint was accordingly amended and the jury found, upon issues duly submitted, that plaintiff was entitled to recover $1,065, and that plaintiff's father aforetime had consented for her to receive the compensation therefor.

From judgment on the verdict, the defendant appeals, assigning errors.

*Huskins & Wilson for plaintiff, appellee.*
*Anglin & Randolph for defendant, appellant.*

STACY, C. J. Upon issues of fact, determinable alone by the jury, the plaintiff has been allowed to recover accordant with settled principles of law. *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540; *Bank v. McCullers,* 201 N. C., 412, 160 S. E., 497; *Landreth v. Morris,* 214 N. C., 619, 200 S. E., 378.

It is established by a number of decisions, that in the absence of some express or implied gratuity, usually arising out of family relationship or mutual interdependence, services rendered by one person to or for another, which are knowingly and voluntarily received, are presumed to be given and accepted in expectation of being paid for, and the law will imply a promise to pay what they are reasonably worth. *Winkler v. Killian, supra; Callahan v. Wood,* 118 N. C., 752, 24 S. E., 542. Here, there is no presumption of gratuity, *Stallings v. Ellis,* 136 N. C., 69, 48 S. E., 548, but rather facts and circumstances from which the inference may be drawn that payment was intended on the one hand and expected on the other. *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233. Upon this principle the case has been tried, and the record is apparently free from error.

As no reversible error has been made to appear, the verdict and judgment will be upheld. See *Price v. Askins,* 212 N. C., 583, 194 S. E., 284, and cases there cited.

No error.