### M. H. TURNER v. MARSH FURNITURE COMPANY.

(Filed 8 June, 1940.)

**1. Quasi Contracts § 2—**

Evidence that plaintiff originated a device for use in defendant's business, that defendant promised to pay him well if the device worked, that plaintiff made drawings and a model, and that defendant constructed the device in conformity therewith and used same in his business, *is held* sufficient to be submitted to the jury and to entitle plaintiff to recover the reasonable value of his services.

**2. Same—**

In the absence of an agreement as to the amount of compensation to be paid for services rendered at the request of defendant, the measure of the recovery is the reasonable worth of the services rendered, based on the time and labor expended, the skill, knowledge and experience involved, and attendant circumstances, and an instruction that plaintiff is entitled to recover the value of the services to defendant is error.

**3. Same—**

> In an action to recover the reasonable value of plaintiff's services in making drawings and a model for a device originated by plaintiff for use in defendant's business, the use of the word "invention" in the judge's charge on the issue of damages will not be held for error when it is apparent that the word was used in its ordinary significance as meaning a contrivance, plan or device, and did not refer to a patent device under the patent laws.

APPEAL by defendant from *Clement, J.,* at October Term, 1939, of GUILFORD. New trial.

Plaintiff sued to recover for services rendered defendant pursuant to its agreement to pay therefor.

Plaintiff offered evidence tending to show that while he was doing some carpenter work in defendant's furniture factory, he learned that the method then in use in the factory of sliding furniture down a chute from the second to the first floor was unsatisfactory; that plaintiff originated the idea and devised plans for doing this by means of an automatic conveyer and mechanical tilting device, eliminating the labor of two men; that he communicated his plan to defendant's president who told him to go home and make drawings and bring them back and defendant would have the necessary construction put in, and "if it works satisfactorily, I will pay you for it, and pay you well"; that plaintiff made the drawings at home at night and gave them to defendant and explained them to him, and also made a model; that the necessary construction was put in and the means for operating the device installed, and these have been in successful use by the defendant since.

Defendant offered evidence tending to show that the conveyer and tilting device installed by the defendant were built by an independent machine company, and none of the ideas of the plaintiff were incorporated or used.

Upon issue submitted, the jury returned verdict for plaintiff, and from judgment in accord with the verdict, the defendant appealed.

*Walser & Wright for plaintiff, appellee.*
*Roy L. Deal and Robeson, Haworth & Reese for defendant, appellant.*

DEVIN, J. The defendant's motion for judgment of nonsuit was properly overruled. The plaintiff's evidence was sufficient to carry the case to the jury.

Defendant's principal assignment of error relates to the judge's charge on the measure of damages. Exception was duly noted to the instruction given by the court that if the jury found the defendant made the agreement to pay the plaintiff for the device as alleged, and that it

worked satisfactorily, "then the plaintiff would be entitled to recover such sum of money as would represent the value of that invention to the defendant."

We are constrained to hold this instruction for error. The measure of damages was not the benefit of the device to the defendant, but the reasonable value of plaintiff's services. This is not an action to recover for the sale of a patent right or an invention but for services rendered pursuant to request and agreement to pay therefor. *Sawyer v. Cox,* 215 N. C., 241, 1 S. E. (2d), 562; *Ray v. Robinson,* 216 N. C., 430.

The general rule is that when there is no agreement as to the amount of compensation to be paid for services, the person performing them is entitled to recover what they are reasonably worth, based on the time and labor expended, skill, knowledge and experience involved, and other attendant circumstances, rather than on the use to be made of the result or the benefit to the person for whom the services are rendered. 71 C. J., 161; 15 Am. Jur., 469; *Rothstein v. Siegel, Cooper & Co.,* 102 Ill. App., 600; *Stowe v. Buttrick,* 125 Mass., 449; *Rooney v. Porter-Milton Ice Co.,* 275 Mass., 254.

In *Campbell County v. Howard,* 133 Va., 19, 112 S. E., 876, where the action involved claim for compensation for services as attorneys at law, it was held that compensation should be based on the reasonable value of the services rendered, and not upon the benefit to the client. The Court used this language: "The circumstances to be considered in determining the compensation to be recovered are the amount and character of services rendered, the responsibility imposed, the labor, time and trouble involved, the character and importance of the matter in which the services are rendered, the amount of the money or the value of the property to be affected, the professional experience and skill called for. . . . The result secured by the services of the attorney may likewise be considered, but merely as bearing upon the consideration of the efficiency with which they were rendered, and, in that way, upon their value on a *quantum meruit,* not from the standpoint of their value to the defendant." This language was quoted with approval in *Old Dominion Transportation Co. v. Hamilton,* 146 Va., 594, 46 A. L. R., 186, where it was also said, "The value of services to the defendant measured by its necessities is not necessarily the measure of the value of the services in themselves."

The rule is fairly stated in appellant's brief, as follows: "The correct measure of damage in this case was the reasonable value of the services rendered, taking into consideration the amount of time, work and skill required, and also the benefits, if any, resulting to the defendant, and other facts and circumstances."

The defendant excepted to the use of the word "invention" by the

trial judge in referring to the contrivance and plan which plaintiff claimed to have originated. However, from the connection in which this word was used, it is apparent that it was not intended or understood to indicate technical reference to a patented device under the patent laws of the United States, but that the word was to be taken in its ordinary acceptance as meaning "a contrivance, plan or device; an original contrivance or apparatus." Webster's Int. Dictionary.

For the error in the judge's instructions to the jury as herein pointed out, there must be a

New trial.