Civil action to recover on two causes of action: (1) The sum of $670.00 paid by plaintiff for hospital, doctor and drug bills incurred by intestate in his last illness and for gravestone and part of funeral expenses after death of intestate, and (2) the sum of $2,000.00 advanced by plaintiff to intestate under contract for reimbursement upon death of intestate.
These facts appear uncontroverted: Mose L. Basinger died on or about 23 April, 1937. Defendant F. W. Pharr was appointed and duly *Page 532 
qualified on 29 July, 1942, as administrator of the estate of Mose L. Basinger, deceased, by and before the clerk of Superior Court of Cabarrus County, North Carolina, and is now acting in that capacity. Summons issued in this action, and was served on 26 July, 1944.
Plaintiff, through his counsel on arguments of the appeal in this Court, concedes that there is no error in the ruling of the court below in granting motion for judgment as of nonsuit as to the first cause of action, and abandons exception to the ruling. Hence, only the matters pertaining to second cause of action are considered.
For a second cause of action plaintiff alleges in his complaint: "4. That pursuant to an agreement between the plaintiff and the deceased, Mose L. Basinger, the plaintiff, on August 5, 1932, purchased Cashier's check No. 14262 from the Greene County Bank, Greeneville, Tenn., and forwarded same to his father, Mose L. Basinger, and that the said Mose L. Basinger received and cashed said Cashier's check and used part of the funds to repair and remodel his home located on St. George Street, Ward 2, in the City of Concord, North Carolina, and the remainder of said funds were used for the support of himself and his wife.
"5. That the said Mose L. Basinger agreed that said sum of $2,000 was to be repaid to the said Robert V. Basinger upon the death of said Mose L. Basinger and his wife, Martha Ellen Basinger.
"6. That no part of said loan of $2,000 has been paid and that the estate of the said Mose L. Basinger is justly indebted to the plaintiff in the sum of $2,000."
Defendant, answering, denies the above allegations of the second cause of action.
And upon trial in Superior Court, plaintiff offered evidence in respect to the second cause of action substantially as follows: Plaintiff testified: "I am the plaintiff in this case. Mose L. Basinger was my father. He lived at St. George Street, Concord. Ellen Basinger was my mother. Both of them are now dead. . . . On August 5, 1932, I purchased this Cashier's check on Greene County Bank dated August 5th, 1932, made payable to Mose L. Basinger, in the sum of $2,000 (this being the plaintiff's Exhibit A). When I received this check from the Greene County Bank, mailed it to my father at Concord. CROSS-EXAMINATION. I bought that check in Tennessee. I did not present it to my father in Concord — I mailed it. I came to Concord a couple of months before August 5th. I next came to Concord about three weeks after I mailed the check. I am married. My wife is Annie Basinger. She is here today. I am still living with her."
The wife of plaintiff testified: "I am the wife of the plaintiff. I was married to him in 1932, at the time this check was purchased and mailed to Mose L. Basinger. I was in Concord prior to August 5, 1932. I saw *Page 533 
Mr. and Mrs. Mose L. Basinger then. They were at home and we were on the porch, Mr. and Mrs. Mose L. Basinger, Robert V. Basinger and I. I heard a conversation between Mose L. Basinger and my husband, Robert V. Basinger, with reference to getting money from my husband. They were talking about the house needing some repairs. Mose L. Basinger told him that when they were through with it, when they died, that they were going to see to it that my husband got his money back out of the place. That conversation was some time in July. My husband agreed at that time to send money. When we went back home, to the State of Tennessee, I was along when this check was purchased at the Bank. It was in August, some time after the conversation. I went to the bank. My husband had the check, he, lawyer Morris, and myself, and he had the check fixed at the Bank and mailed to Mose L. Basinger. My husband bought this Cashier's check (plaintiff's Exhibit A).
"I think I would know the handwriting of Coy Basinger. This is his signature on the back of this check (plaintiff's Exhibit A). Coy Basinger is my husband's brother. I have seen him write. We had letters from him since we have been living at Asheville and then when we lived in Concord. I have seen his writing. I have seen him write on numerous occasions. During the conversation I testified about between my husband and Mose L. Basinger in 1932, before this check was sent, Mose L. Basinger told my husband, Robert, that he would accept the money and fix up the house and then at their death that my husband could get the money out of the place. Mose L. Basinger, Robert Basinger, Ellen Basinger, and myself were involved in that conversation. Ellen Basinger is Mose L. Basinger's wife. At the time of this conversation, we were all there together. Mose L. Basinger said that he would take the money and have this house repaired and then he said at his death my husband could get the money out. He said that he would see that he got the money. Mose L. Basinger said that he was not able to repay him, but that he would be able to get his money when he died and the house was sold."
The check, Exhibit A, introduced in evidence is in words and figures as follows: "Greeneville, Tenn. August 5, 1932 — No. 14262. Green County Bank 87 — 183 Greeneville, Tenn. Pay to the Order of M. L. Bassinger $2,000.00 $2000.00 DOL'S 00 CTS — DOLLARS CASHIER'S CHECK. J. P. Boles, Cashier."
 his On the back of the check these endorsements appear: "M. L. X mark
Basinger." Wit: "C. W. Swink, Concord, N.C." Wit: "Coy Basinger, St. George St. 124, Concord, N.C." "Pay to the order of ANY BANK, *Page 534 
BANKER OR TRUST CO., All prior endorsements guaranteed. Aug. 8, 1932. CABARRUS BANK TRUST COMPANY, Concord, N.C. 66-74 C. W. Swink, Cashier."
The witness W. G. Caswell, cashier of the Cabarrus Bank Trust Company, Concord, North Carolina, testified that C. W. Swink, whose signature he knows, and which appears as the first witness on above check, was cashier of the Cabarrus Bank Trust Company, and that the check passed through "our bank" on 8 August, 1932, and bears the bank's endorsement.
Plaintiff further offered evidence tending to show that the estate of intestate is in process of administration; that "the estate is still open and has assets"; and that no final report has been filed by the administrator.
From judgment as of nonsuit at close of plaintiff's evidence, plaintiff appeals to the Supreme Court and assigns error.
This is the only question for decision on this appeal: Is there error in the judgment as of nonsuit in the second cause of action? While we do not have the benefit of brief on behalf of defendant, we are of opinion that there is error, and so hold.
Taking the evidence in the light most favorable to plaintiff as we must do in considering exception to judgment as of nonsuit, we are of opinion that there is sufficient evidence of an express contract between the plaintiff and his father, the intestate of defendant administrator, with respect to the alleged transaction, to take the case to the jury.
This Court has held that, even in the absence of an express contract, when an adult child, who had removed from the home of the parent, and had married, rendered services to the parent which were voluntarily accepted, the law implies a promise on the part of the parent to pay what the services are reasonably worth, and that under such circumstances there is no presumption of gratuity. Winkler v. Killian, 141 N.C. 575,54 S.E. 540. See also Doe v. Trust Co., 211 N.C. 319, 190 S.E. 223;Landreth v. Morris, 214 N.C. 619, 200 S.E. 378; Ray v. Robinson,216 N.C. 430, 5 S.E.2d 127. Compare Bank v. McCullers, 211 N.C. 327,190 S.E. 217.
Here there is evidence from which the jury may draw the inference that plaintiff, who was then married and residing in Tennessee, agreed to lend, and did lend to his father, the intestate, who then resided in Concord, North Carolina, the sum of $2,000 to be due and payable at *Page 535 
the death of the father. The probative force of the evidence is for the jury.
The judgment below is
Reversed.