RICHARD I. LEONARD v. FLETCHER BENFIELD, TRADING AND DOING BUSINESS AS RANDOLPH ELECTRIC MOTOR COMPANY.

(Filed 23 November, 1955.)

1. **Master and Servant § 9—**

Evidence that plaintiff was employed as manager for defendant's business in a certain town at a stipulated salary per week, that the work-week contemplated was 44 hours, and that it was agreed that plaintiff should have additional compensation for overtime, together with evidence that plaintiff had worked overtime, *is held* sufficient to overrule nonsuit in plaintiff's action to recover compensation for such overtime.

2. **Same—**

The amount of additional compensation for overtime work, if any, in the absence of specific agreement, is the reasonable worth of the services rendered.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Armstrong, J.,* March Term, 1955, of RANDOLPH.

This was an action to recover for services rendered pursuant to contract.

Plaintiff alleged that defendant entered into contract to employ him in the electric motor repair business at a salary of $100 per week of 44 hours and that the contract provided for additional compensation to plaintiff for work in excess of 44 hours per week.

Plaintiff testified, in substance, that such was the agreement, and that pursuant thereto he performed the work for which he was employed for a period of 13 months and that during that period he worked over-

time a total of 694 hours; that he was paid his regular salary but defendant has refused to pay him anything for the overtime claimed.

Plaintiff further testified that he had previously worked for defendant in same business in Lexington, North Carolina, on a weekly basis of 44 hours; that defendant employed him as manager in the place being opened by defendant in Asheboro at $100 per week based on the same number of hours per week; that it was agreed between them if any overtime had to be put in defendant would compensate him for it, and further that defendant would give him an interest in the business if plaintiff worked overtime hours necessary to the successful operation of the business; that plaintiff worked faithfully, and the business was profitable; that defendant knew plaintiff was working overtime and accepted the benefit of his extra-hour labor. Plaintiff offered in evidence the time book he kept showing his hours of work. He claimed he was entitled to compensation for the 694 hours overtime, reasonably, at same rate per hour as agreed for regular time.

The defendant offered no evidence.

At the close of plaintiff's evidence, motion for judgment of nonsuit was allowed. From judgment dismissing his action, plaintiff appealed.

*Ottway Burton for plaintiff, appellant.*

*R. E. Bencini, Jr., and Hal H. Walker for defendant, appellee.*

DEVIN, J. We think the plaintiff has offered evidence sufficient to carry the case to the jury and that there was error in allowing the motion for judgment of nonsuit.

While the plaintiff testified he was employed as manager of defendant's business in Asheboro at a salary of $100 per week, he alleged and offered evidence tending to show that the work-week contemplated 44 hours and that it was agreed that for overtime plaintitff should have additional compensation. The amount of such additional compensation, if any, in the absence of specific agreement, would be the reasonable worth of the services rendered. *Turner v. Furniture Co.,* 217 N.C. 695, 9 S.E. 2d 379; *Ray v. Robinson,* 216 N.C. 430, 5 S.E. 2d 127; *Sawyer v. Cox,* 215 N.C. 241, 1 S.E. 2d 562.

Consequent upon the allowance of defendant's motion for judgment of nonsuit at close of plaintiff's testimony the defendant offered no evidence. On another hearing other facts may appear, but on this record plaintiff was entitled to have his case submitted to the jury.

Reversed.

HIGGINS, J., took no part in the consideration or decision of this case.

The foregoing opinion was prepared by *Devin, Emergency Justice,* while he was serving in place of *Higgins, J.,* who was absent on account of his physical condition. It is now adopted by the Court and ordered filed.